[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR STAY
The plaintiff Groton Board of Education has applied for a stay of the ruling of the State of Connecticut Department of Education which held that the defendant Association of Groton Administrators was the bargaining representative of four central office administrators, who had been excluded from the bargaining unit by contract.
The plaintiff claims that without a stay it will be in a position of either negotiating with a bargaining agent who may not represent the interests of the four administrators in question, or, denying the demand of the administrators' bargaining agent, thereby subjecting itself to a claim of refusing to bargain in good faith.
Under Connecticut General Statutes 4-183(f) the filing of an appeal shall not, of itself, stay enforcement of an agency decision. A court may grant a stay by applying a balancing test wherein it considers 1) the likelihood that the appellant will prevail, 2) the irreparability of injury in absence of a stay and, 3) the effect of a stay upon other parties to the proceeding and the public interests involved. Griffin Hospital v. Commissioner Hospitals Health Care, 196 Conn. 451, 459 (1985).
The defendant Association of Groton Administrators claims that the plaintiff has unilaterally granted raises to other administrators, but has left the four administrators in question "in limbo" pending the disposition of the appeal.
After a review of the Application for Stay, objection thereto and the ruling of the Department of Education, the court CT Page 7544 finds that there is not a great likelihood that the appellant will prevail, that absent a stay the appellant will not suffer irreparable harm and that granting of a stay may have the effect of harming the four administrators in question by postponing any negotiations with respect to their compensation.
For the foregoing reasons, the Application for Stay is denied.
By the Court
AURIGEMMA, J.
CT Page 7545